## DR. KOCH VEGETABLE TEA CO. v. SHUMANN *et al.*

No. 3590.    Opinion Filed February 28, 1914.

Rehearing Denied April 17, 1914.

(139 Pac. 1133.)

1.    **CORPORATIONS—**Foreign Corporations—Actions—"Transacting Business." A nonresident corporation, engaged in the manufacture and sale of certain proprietary medicines, entered into a written contract with a resident of Oklahoma, whereby it was agreed that certain of its products should be "sold and delivered f. o. b." *at a point outside of the state, and should be shipped into Oklahoma and resold at retail.* Held, this did not constitute "transacting business" in the state, within the provisions of section 1335, nor incur the penalty prescribed in section 1338, Rev. Laws 1910.

2.    **COMMERCE—**Foreign Corporations—Regulation. Such nonresident corporation, being engaged in interstate commerce, was not denied the right of suing in the courts of Oklahoma to enforce its contract, although it had not procured a license or permit to do business in the state of Oklahoma.

(Syllabus by Galbraith, C.)

*Error from Superior Court, Oklahoma County;*
*Ed D. Oldfield, Judge.*

Action by the Dr. Koch Vegetable Tea Company against M. W. Shumann, M. L. Feary, and David Sowers. Judgment was for the defendants Feary and Sowers. Plaintiff brings error. Reversed and remanded, with directions.

*Carlisle & Edwards,* for plaintiff in error.

*Asp, Snyder, Owen & Lybrand* and *Devereux & Hildreth,* for defendants in error.

Opinion by GALBRAITH, C.   This action was commenced by Dr. Koch Vegetable Tea Company, a Minnesota corporation, to recover an amount alleged to be due for goods, wares, and merchandise sold and delivered to M. W. Shumann under a written contract, and to recover against M. L. Feary and David Sowers on a written contract of guaranty for the faithful performance of such contract. The principal debtor made default, and judgment was entered against him for the amount claimed. The sureties filed separate answers, consisting of a general denial and special defenses to the effect that the plaintiff was a foreign corporation, engaged in business for profit, and had not complied with the statutes of Oklahoma by filing a copy of its charter and articles of incorporation, and had not appointed a service agent in the state, and also that the plaintiff had failed to comply with the Constitution of the state, prohibiting foreign corporations from doing business in the state without first having obtained a license so to do, and for these reasons the plaintiff could not maintain its action in the courts of this state. A reply was filed which amounted to a general denial. The case was tried upon a stipulation to the effect that, if the special defenses set up in the answers of the defendants Feary and Sowers were not good, the plaintiff was entitled to judgment in the amount set out in its petition. The trial court found that the special defenses were good, and that the plaintiff could not maintain its action against these defendants on their guaranty contract, and rendered judgment against the plaintiff and in favor of these defendants for costs. From the order overruling the motion for new trial, the company perfected an appeal to this court.

Under the terms of the written contract attached to plaintiff's petition, the plaintiff agreed to sell and deliver to Shumann certain medicines at prices agreed upon f. o. b. Winona, Minn., and Shumann agreed to sell the goods in a certain designated territory in Oklahoma. It does not appear where the contract was entered into, but that it was entered into between Dr. Koch Vegetable Tea Company, a Minnesota corporation, with principal offices at Winona, in said state, and M. W. Shumann, of Guthrie, Okla. The action was to recover $794.39 for goods sold under this contract, and the action against the other two defendants was on a written contract of guaranty, whereby they guaranteed the faithful performance of the contract between the Minnesota corporation and Shumann.

The sole question raised in this appeal is whether or not the defenses set up by the guarantors that the plaintiff, being a nonresident corporation, and having failed to comply with the statutes of Oklahoma and the Constitution of the state relative to foreign corporations doing business in this state, was denied the right to enforce its contract in the courts of the state. It does not appear from the record in this case that the plaintiff corporation was doing business in the state of Oklahoma so as to come within the terms of the statute and the constitutional provisions relied upon by these defendants. If the acts of the plaintiff in making the contract and selling its wares, as shown, did not constitute "doing business" in Oklahoma within the terms of the statute and Constitution, then it is not denied the privilege of suing in the courts of the state, as contended. That these acts did not constitute "doing business" or "transacting business" in the state within the prohibitions of these provisions is clear from the decisions of this court. See *Harrell v. Peters Cartridge Co.,* 36 Okla. 684, 129 Pac. 872, 44 L. R. A. (N. S.) 1094, and cases therein cited.

Again, it does appear from the record that the plaintiff, the Minnesota corporation, was engaged in interstate commerce, and for that reason it was not within the constitutional and statutory provisions above referred to. *Freeman-Sipes Co. v. Corticelli Silk Co.,* 34 Okla. 229, 124 Pac. 972; *Chicago Crayon Co. v.*

*Rogers et al.,* 30 Okla. 299, 119 Pac. 630; *Kibby v. Cubie, Hiemann & Co.,* 41 Okla. 116, 137 Pac. 352.

Under these authorities the trial court was clearly in error in holding that the special defenses set up by these defendants were a bar to the plaintiff's action against them, and the judgment rendered was erroneous, and should be reversed. Under the stipulation upon which the case was tried, that if these special defenses were found not good, then the plaintiff was entitled to judgment for the amount claimed in its petition, the judgment appealed from should be reversed, and the cause remanded to the superior court of Oklahoma county, with directions to vacate the judgment entered against the plaintiff for costs, and to enter judgment against M. L. Feary and David Sowers in favor of the plaintiff for the sum of $794.39, interest and costs of suit.

By the Court: It is so ordered.