### J. R. WATKINS MEDICAL CO. OF WINONA, MINN., v. COOMBES et al.

No. 7419—Opinion Filed Oct. 17, 1916.

Rehearing Denied July 24, 1917.

(166 Pac. 1072.)

1. Corporations—Foreign Corporations—"Transacting Business" In State.

A nonresident corporation, engaged in the manufacture and sale of certain proprietary preparations, toilet articles, etc., entered into a written contract with a resident of Oklahoma, whereby it was agreed that certain of its products should be sold and delivered f. o. b. at a point outside of the state, and it should be shipped into Oklahoma and resold at retail within certain designated territory. Held, this did not constitute "transacting business" in the state, within the provisions of section 1335, nor incur the penalty prescribed in section 1338, Rev. Laws 1910.

2. Principal and Agent — Principal and Surety—Agency — Liability of Surety—Representation.

Though a principal in a guaranty contract might practice fraud upon his sureties in securing their signatures to the guaranty contract, unless knowledge of this was brought home to the guarantee in the contract, the sureties would not on this account be released from their liability to the guarantee in the guaranty contract, and evidence of declarations of the principal in the contract to his sureties at the time of securing their signatures to the guaranty contract, standing alone, is ineffectual to establish that the principal in the guaranty contract was the agent of the guarantee.

3. Appeal and Error—Change of Theory on Appeal.

A party is bound in the appellate court as to the nature and form of the action by the theory upon which it was tried in the court below.

(Syllabus by West, C.)

Error from District Court, Woodward County; James B. Cullison, Judge.

Action by the J. R. Watkins Medical Company of Winona, Minn., a foreign corporation against George M. Coombes and another. There was a judgment for defendants, and plaintiff brings error. Reversed and remanded.

Parker & Simmons, for plaintiff in error.

Swindall & Wybrant, for defendants in error.

Opinion by WEST, C. This suit was commenced by J. R. Watkins Medical Company of Winona, Minn., a foreign corporation, to recover an amount alleged to be due under a written contract of guaranty against George M. Coombes and L. B. Coombes for goods, wares, and merchandise sold and delivered to B. J. Coombes. Each of the defendants filed separate answers, consisting of a general denial and special defenses as to plaintiff engaging in business for profit within this state before complying with the statute of Oklahoma relative to permitting foreign corporations to do business in the state, and further on account of fraud which defendants claim that J. B. Coombes committed in securing their signatures to the guaranty contract, alleging that the said B. J. Coombes was the agent of plaintiff in procuring their signature to said contract of guaranty. To these separate answers plaintiff filed verified reply, and on the 2d day of December, 1914, cause went to trial to a jury, and on the 4th day of December, 1914, a verdict was returned into court by the jury in favor of defendants.

Motion by plaintiff for new trial was duly made and overruled and exceptions saved, and cause was brought here upon case-made for review under a number of assignments of error, which are stated by plaintiff in its brief under four propositions, in support of its contention that court erred in rendering judgment for defendants, and that plaintiff is entitled under the pleadings and evidence to a judgment against defendants as prayed for in its petition. These four propositions, we think, may be stated under two heads, namely: First. Was plaintiff transacting business in the state of Oklahoma, in the sense that would require it to comply with provisions of section 1335, Rev. Laws 1910, regulating foreign corporations doing business in the state of Oklahoma? Second. Did plaintiff practice fraud upon the defendants in securing their signatures to the guaranty contract?

In the case of Dr. Koch Vegetable Tea Co. v. Shumann et al., reported in 42 Okla. 60, 139 Pac. 1133, the court had under consideration the first proposition involved in this case as stated above, upon a very similar contract and upon conditions almost identical with the ones surrounding this contract and laid down the following rule in the first paragraph of the syllabus:

"1. Corporations—Foreign Corporations—Actions—'Transacting Business.'

"A nonresident corporation, engaged in the manufacture and sale of certain proprietary medicines, entered into a written contract with a resident of Oklahoma, whereby it was agreed that certain of its products should be 'sold and delivered f. o. b.' at a point outside of the state, and should be shipped into Oklahoma and resold at retail. Held, this did not constitute 'transacting business' in the state, within the provisions of section 1335, nor incur the penalty prescribed in section 1338, Rev. Laws 1910.'"

In the body of the opinion the court used the following language:

"Under the terms of the written contract attached to plaintiff's petition, the plaintiff agreed to sell and deliver to Shumann certain medicines at prices agreed upon f. o. b. Winona, Minn., and Shumann agreed to sell the goods in a certain designated territory in Oklahoma. It does not appear where the contract was entered into, but that it was entered into between Dr. Koch Vegetable Tea Company, a Minnesota corporation, with principal offices at Winona, in said state, and M. W. Shumann, of Guthrie, Okla. The action was to recover $794.39 for goods sold under this contract, and the action against the other two defendants was on a written contract of guaranty, whereby they guaranteed the faithful performance of the contract between the Minnesota corporation and Shumann. The sole question raised in this appeal is whether or not the defense set up by the guarantors that the plaintiff, being a nonresident corporation, and having failed to comply with the statutes of Oklahoma and the Constitution of the state relative to foreign corporations doing business in this state, was denied the right to enforce its contract in the courts of the state. It does not appear from the record in this case that the plaintiff corporation was doing business in the state of Oklahoma, so as to come within the terms of the statute and the constitutional provisions relied upon by these defendants. If the acts of the plaintiff in making the contract and selling its wares, as shown, did not constitute 'doing business' in Oklahoma within the terms of the statute and Constitution, then it is not denied the privilege of suing in the courts of the state, as contended. That these acts did not constitute 'doing business' or 'transacting business' in the state within the prohibitions of these provisions is clear from the decisions of this court. See Harrell v. Peters Cartridge Co., 36 Okla. 684, 129 Pac. 872, 44 L. R. A. (N. S.) 1094, and cases therein cited.'"

It would therefore seem that the first question presented has been squarely passed upon in the case supra, and the only difference, if difference there is, in the instant case and the case supra, was the fact that B. J. Coombes, for whom defendants were sureties, had sent an order to plaintiff for two shipments of goods to be sent direct by plaintiff to his customers. However, upon examination of these orders, which appear on page 103 of case-made, the orders directed plaintiff to ship said goods direct to customers and charge the same to the account of B. J. Coombes. Inasmuch as these sales were made to said Coombes, and by his orders shipped to his customers direct, this would not in our opinion change the status of the contract sued upon herein, and is not in variance with said contract, but appears to be in keeping with its terms and conditions. We therefore hold that under the case of Dr. Koch Vegetable Tea Co. v. Shumann et al., supra, the transaction of business under the contract sued upon in this case would not constitute doing business or transacting business in violation of the provision of section 1335, nor incur the penalty prescribed in section 1338, Rev. Laws 1910.

As to the second proposition as to whether or not plaintiff practiced fraud upon defendants, through B. J. Coombes, in securing their signature to the guaranty contract, we will say that the only evidence offered sustaining this allegation of fraud is the testimony of the defendants as to certain statements the said B. J. Coombes made at the time said defendants signed said contract, and no evidence tending to show knowledge of these statements by the plaintiff was offered, and it is well settled that, though the principal might practice fraud upon the surety, unless knowledge of this was brought home to the creditor, the surety would not on this account be released from his liability to the creditor. Elliott on Contracts, vol. 5, § 393, uses this language:

"But if the principal practices a fraud on the surety, of which the creditor has no knowledge, even though such fraud results in inducing the surety to make the contract, the surety will not on that account be released from his liability to the creditor."

The Supreme Court, in case of Mason Lumber Co. v. Buchtel, 101 U. S. 633, 25

L. Ed. 1072, in the first paragraph of the syllabus, lays down the following rule:

"Where one agreed to sell to another certain pine lands, a deed to be made upon the payment of the purchase price, and cutting of the timber was meanwhile prohibited unless written permission was given by the vendors, and the vendee assigned the contract to a third person, to whom the vendor gave permission to cut and remove the timber upon his guaranteeing the payment of the purchase price, he cannot be released from such guaranty upon any false and fraudulent representation made to him by the agent of the vendee, of the making of which the vendor was ignorant."

Under the state of the pleadings in this case the burden was on the defendants to show that B. J. Coombes was the agent of the plaintiff. The only evidence offered was the declaration of said B. J. Coombes which was inadmissible unless knowledge of this statement was brought home to the plaintiff, and no evidence was offered to this effect. Besides, the evidence of plaintiff tended to show that it was without knowledge of any such declarations, and we therefore accordingly hold that the court erred in this case in submitting the evidence of defendants as to the declarations of B. J. Coombes, made at the time of the execution of the guaranty contract by the defendants, to the consideration of the jury, without a showing that said declarations were made with the knowledge of the guarantee, or that after they were made the guarantee was advised thereof and acquiesced therein.

It is contended by the defendants in error in their brief under the third proposition argued that under the contract sued upon in this case, the terms and provisions of which operated in restraint of trade, same was unlawful as to interstate commerce under the Anti-Trust Act of July 2, 1890, and in support of this contention cite the case of Stewart et al. v. W. T. Rawleigh Medical Co., 58 Okla. 344, 159 Pac. 1187, L. R. A. 1917A, 1276; but we have examined the record in this case, and find that this proposition is argued for the first time upon appeal, and under the well-established law in this jurisdiction the parties cannot try their cause under one theory in the trial court, and then change front and try their cause under another theory in the appellate court, and ask a reversal or affirmation of the judgment in this court on a theory not presented to the trial court properly raised by the pleadings. In the case of C., R. I. & P. Ry. Co. v. McBee, 45 Okla. 192, 145 Pac. 331, in the first paragraph of the syllabus, the court lays down the following rule:

"1. Appeal and Error—Action — Nature and Form—Change of Contention. 'A party is bound, in the appellate court, as to the nature and form of the action, by the theory upon which it was tried.' 2 Cyc. 671."

In the body of the opinion the court, in quoting from case of Checotah et al. v. Hardridge et al., 31 Okla. 742, 123 Pac. 846, used the following quoted language:

"The case, however, seems to have been tried in the lower court upon the theory that the Creek law applied to the entire devolution, and, if so, the parties will not be permitted to change front in this court, and take a new hold on another theory. This has been the uniform holding of this court" (cases cited).

And we therefore hold that, whatever merit there may be to a third proposition argued by defendants in their brief, it comes too late at this time, and cannot be considered by this court.

On account of the errors above mentioned, this case is accordingly reversed and remanded with instructions to the lower court to proceed with the cause not inconsistent with this opinion.

By the Court: It is so ordered.