**LIVERPOOL & LONDON & GLOBE INS. CO., Ltd., v. BIGGERS et al.**

No. 6426—Opinion Filed Sept. 10, 1918.

(175 Pac. 242 )

(Syllabus.)

1. **Insurance—Bond of Agent—Commissions Advanced—Premature Action.**

Among the covenants of an insurance agency bond was the following: "And it is further understood and agreed that he [the agent] shall make good and pay to this company all commissions advanced on notes where such notes or any part of them become due and are not paid for a period of two years after the severing of his connections with this company. Held, in an action on the bond brought to recover commissions advanced on policies for which the agent had taken premium notes, and which notes though due were unpaid, that such action was not prematurely brought, when commenced within two years from the maturity of the unpaid notes and from the termination of the agency.

2. **Same—Bond of Agent — Construction—"For."**

The preposition "for," as used in the paragraph above quoted. being used in connection with time, means "during" the period of two years after the termination of the agency.

3. **Bonds — Consideration — "Written Instrument."**

Under the express provision of section 934. Rev. Laws 1910, a bond, being "a written instrument," is presumptively supported by a consideration.

4. **Same — Want of Consideration — Burden of Proof.**

The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it. Section 935, Rev. Laws 1910.

Kane and Rainey, JJ., dissenting.

Error from Superior Court, Pottawatomie County; George C. Abernathy, Judge.

Action by the Liverpool & London & Globe Insurance Company, Limited, against Richard F. Biggers and others. Judgment for

defendants, and plaintiff brings error. Reversed and remanded.

Scothorn, Caldwell & McRill and George B. Rittenhouse, for plaintiff in error.

Charles E. Wells, for defendants in error.

SHARP, C. J. On November 16, 1911, Richard F. Biggers (doing business under the name of B. F. Biggers & Co.) was appointed an agent of the Liverpool & London & Globe Insurance Company, Limited, at Shawnee, Okla. On the same day Biggers executed to the insurance company an agency bond which was signed by the defendants Aaron H. Eikenbury, George M. D. Steel, and William H. Lokey. The bond contained various covenants and provisions, the pertinent ones being as follows:

"It is further hereby stipulated and made a further condition of this bond that if for any reason the said R. F. Biggers & Co. ceases to be the agent of this company that be [they] shall be held responsible to this company for the return commissions on all cancellations of policies on which notes shall have been paid for in cash prior to sixty days after the severing of his connection with this company, and it is further understood and agreed that he shall make good and pay to this company all commissions advanced on notes where such notes or any part of them become due and are not paid for a period of two years after the severing of his connections with this company."

The agency was terminated January 1, 1912, and on March 15, 1913, action was brought to recover of the principal and sureties on the bond commissions that had been advanced Biggers on premium notes maturing in the months of November and December, 1911, and during the year 1912, which notes though due were unpaid at the time the action was instituted. The amended petion charged the designation of Biggers as agent, the duties arising from his office, the making of the agency bond, the termination of the agency, and the failure to account for and pay over the commissions advanced by the company on dishonored notes, and prayed for judgment against the principal and surety on the bond for the amount of the advanced commissions. Copy of the bond was attached to the petition, marked as an exhibit and made a part thereof; also a detailed statement of the premium notes taken and the commissions advanced and charged back. A demurrer was sustained to the petition, and the action was dismissed, with costs, from which judgment the plaintiff below brings error.

Accepting the statement of defendants in error, the points of attack on the sufficiency of the petition are: (1) That the petition fails to state a cause of action; (2) that if a cause of action was stated, the petition discloses that it was prematurely brought. In support of the first proposition, it is urged that as the written contract of agency did not obligate Biggers to return the commissions, and as a return thereof did not arise by operation of law from the relation of the parties, the bond is without consideration. The contention is untenable. The basis of the action was the agency bond executed under the hand and seal of both Biggers and the sureties, and, being a written instrument, imported a consideration.

This much seems clear from a most casual reading of section 934, Rev. Laws, making a written instrument presumptive evidence of a consideration. It is difficult to understand how this statute can be either misconstrued or held inapplicable, as the language is plain and the meaning obvious, and the bond a "written instrument" within the purview of the statute. If in fact there was a want of consideration, the burden of proof would rest upon the makers of the bond, as it is provided in section 935, Rev. Laws, that:

"The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it."

See St. Louis & S. F. R. Co. v. Bruner. 52 Okla. 349, 152 Pac. 1103; Reeves & Co. v. Dyer, 52 Okla. 750, 153 Pac. 850; Swan v. O'Bar, 66 Okla. 91, 167 Pac. 470.

The claim that the action was prematurely brought brings under review a construction of the language of the bond to which attention has already been called. It is urged by the makers of the bond that an action thereon would not lie until after two years from the maturity and nonpayment of the premium notes; while on the part of the insurance company it is claimed that a proper construction of the bond means that the obligors therein are liable for commissions advanced on notes maturing and unpaid during a period of two years from the termination of the agency. It will be seen that the obligors on the bond did not undertake to make good and pay to the company all commissions advanced on notes, but only on such notes (or any part of them) as became due and were not paid for a period of two years after the termination of his (Biggers) connections with the company. The clause, "for a period of two years," refers to the time following the termination of the agency, and does

net qualify the words "become due and are not paid." The preposition "for" immediately preceding the clause "a period of two years," as used, means during two years from the termination of the agency; the word "for" means of itself duration when it is used in connection with time. Whitaker v. Beach, 12 Kan. 493; Lawson v. Gibson, 18 Neb. 137, 24 N. W. 447; Early v. Homans, 16 How. 610, 14 L. Ed. 1079; Leach v. Burr, 188 U. S. 510, 23 Sup. Ct. 393, 47 L. Ed. 567. The bond did not undertake to cover all notes that may have been taken, but such only as matured and were unpaid during the two-year period. Any other view would extend the liability of the sureties to all unpaid notes, and is not, therefore in the circumstances at hand, to be favored. The contentions of the defendants that the purpose of the two-year provision was that the company should have that time in which to enforce collection of the premium notes loses force from the fact that according to the allegations of the petition all policies issued for which premium notes were given, and which were not paid when due, were, by express provision of the policies, canceled. So that if the policies were in fact canceled as charged, no action on the premium notes would lie unless it may be, for the period the policy was in force prior to its cancellation. Much more reasonable is the view that it was the purpose of the parties to give a right of action immediately upon default in the payment of the premium notes and to include therein all notes which had matured and were unpaid during a period of two years from the termination of the agency. In such case the liabilities of the sureties would be measured by the amount of the premiums advanced the agent on notes which matured and were unpaid at the expiration of two years, and for which their principal had failed to make settlement with the insurance company. A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect if it can be done without violating the intention of the parties. Section 953, Rev. Laws. The true meaning of the provisions being in doubt, the rule in Kansas City Bridge Co. v. Lindsay Bridge Co., 32 Okla. 31, 121 Pac. 639, would seem to apply. There we held that where the meaning of a contract was doubtful, so that it was fairly susceptible of two constructions, one of which makes it fair, customary, and such as prudent men would naturally execute, while the other makes it inequitable, unusual, or such as

reasonable men would not be likely to enter into, the interpretation which makes it a rational and probable agreement must be preferred to that which makes it an unusual, unfair, or improbable contract.

Considering the covenant of the bond already pointed out, in connection with the other provisions and the purposes thereof, and observing the rule of construction applicable in such cases, we are of opinion that the action was not prematurely brought, and that the two-year period of limitation means that during the time thereof an action would lie—not that the action may only be brought after the expiration of the two-year period. It would be unusual, and we may add unreasonable, to construe the bond to mean that the company should wait two years from the maturity of a large number of premium notes before charging back the cash commission advanced the agent, or to require the company to withhold suit on the bond for a like period. We cannot believe that such purpose was in contemplation of the parties, from the language used.

From what has been said, it was error for the trial court to sustain a demurrer to the amended petition, for which the judgment of the trial court is reversed, and the cause remanded.

All the Justices concur, except KANE and RAINEY, JJ., who dissent.