## MILLER v. OIL WELL SUPPLY CO.

No. 9781—Opinion Filed Aug. 31, 1920.

(Syllabus by the Court.)

1. Contracts— Consideration — Presumption and Burden of Proof.

A written instrument is presumptive evidence of a consideration, and the burden of showing a want of consideration lies with the party seeking to invalidate or avoid it.

2. Guaranty—Notice of Acceptance—Necessity.

Where a guaranty is made in response to an offer by the guarantee, its delivery to the guarantee completes the contract, and notice of its acceptance by the guarantee or an intention to act thereunder is not necessary.

Error from District Court, Custer County; T. P. Clay, Judge.

Action by the Oil Well Supply Company against John E. Miller and others on contract of guaranty. Judgment for plaintiff, and defendant named brings error. Affirmed.

Henry Bulow, for plaintiff in error.

Randolph, Haver & Shirk, Phillips & Mills, and H. M. Gray, for defendant in error.

BAILEY, J. This action was commenced in the district court of Custer county to recover of the Custer Petroleum Company, as principal, and H. J. Rice and John E. Miller, as guarantors, the sum of $2,390.41, the purchase price of certain goods, wares, and merchandise furnished the Custer Petroleum Company by defendant in error.

The liability of plaintiff in error, John E. Miller, who is the only party appealing to this court, arises by reason of and under the terms and conditions of a certain guaranty agreement which is as follows:

"Oil Well Supply Company,
  "Pittsburgh, Pa.
"Gentlemen:
  "In consideration of your having extended or extending credit at our request to Custer Petroleum Co. being interested with them and for value received, we hereby jointly and severally guarantee the full payment to you when due of all their indebtedness. Notes or other evidence of indebtedness or securities may be received by you on account, or in adjustment of said indebtedness and may be renewed and extended as you think advisable, without notice and without impairing the liability under this guarantee and are hereby expressly included hereunder until finally paid. Notice of acceptance of this guarantee and of sales made or of any default is waived. This guarantee is to be a continuing one and remain in full force until written revocation is received by you.

(Seal) "H. J. Rice
(Seal) "John E. Miller."

It is disclosed by the record that plaintiff in error, John E. Miller, was one of the directors and president of the Custer Petroleum Company, and apparently the managing director of the company. The evidence further discloses that arrangements were made by plaintiff in error and others of his associates with the defendant in error to secure the materials furnished, and that at the time of the application for such materials plaintiff in error and his associates were advised that it would be necessary to execute a guaranty. The plaintiff in error admits that at the time of the purchase of the materials such guaranty agreement was required and that he signed and executed an instrument, guaranteeing the payment of certain obligations, but denies that he signed and executed the instrument upon which he is sought to be held in this action. The issue as to whether or not the instrument now sued upon was the one actually signed by plaintiff in error was properly submitted to a jury under instructions to which no exceptions were saved, and a verdict returned in favor of defendant in error in the amount sued for.

Apparently abandoning the contentions made in the trial court, plaintiff in error in this court first contends that the judgment of the trial court is not supported by sufficient evidence, for the reason that defendant in error failed to affirmatively prove a good and valid consideration for the alleged guaranty agreement; but aside from the fact that the evidence does affirmatively show that plaintiff in error was interested in the Custer Petroleum Company and its president and one of its directors, which raises the legal presumption that he was a stockholder, the facts show that the guaranty was executed contemporaneously with the agreement to extend credit, and therefore, under the provisions of section 1028, Revised Laws 1910, no other consideration need exist.

Counsel has overlooked the provisions of sections 934 and 935, Revised Laws 1910, which provide: "A written instrument is presumptive evidence of consideration" and "the burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to avoid it." It has been frequently held by this court that "a written instrument is presumptive evidence of consideration, and the burden of showing want of consideration lies with the party seeking to invalidate or avoid it." Missouri, K. & T. Ry. Co. v. Hancock & Goodbar, 26 Okla. 268, 109 Pac. 223; St. Louis & S. F. R. Co. v. Bruner, 52 Okla. 349, 152 Pac. 1103; Reeves & Co. v. Dyer et al., 52 Okla. 750, 153 Pac. 850. And in Marshall et al. v. State ex rel. Lankford, State Bank Com'r, 59 Okla. 243, 158 Pac. 1167, it is held:

"Where a guaranty is entered into at the same time with the original obligation or with the acceptance of the latter by the guarantee and forms with that obligation a part of the consideraion to him, no other consideration need exist."

The second proposition urged by plaintiff in error is that there is no evidence that the Oil Well Supply Company gave notice to Miller of the acceptance of the guaranty. As suggested above, however, the evidence is apparently uncontradicted that defendant in error required this guaranty before it would extend credit to the Custer Petroleum Company, and the requirement of the guarantee and the arrangements for the same were contemporaneous with and a part of the same transaction by which the petroleum company obtained the credit and the materials which formed the basis of this action. The verdict of the jury under the evidence submitted sustained the contention that the instrument offered by defendant in error as the guaranty signed by plaintiff in error was the identical one executed by him.

Section 1031, Revised Laws 1910, provides: "A mere offer to guaranty is not binding, until notice of its acceptance is communicated by the guarantee to the guarantor; but an absolute guaranty is binding upon the guarantor without notice of acceptance"; and this court in Oklahoma City National Bank v. Ezzard, 58 Okla. 251, 159 Pac. 267, held:

"Where a guaranty is made in response to an offer by the guarantee, its delivery to the guarantee completes the contract, and notice of its acceptance by the guarantee and of an intention to act thereunder is not necessary."

The Supreme Court of the United States, in Davis Sewing Machine Co. v. Richards et al., 115 U. S. 524, 29 L. Ed. 480, and which case is cited with apparent approval in T. & H.

Smith & Co. v. Thesmann, 20 Okla. 138, 93 Pac. 977, announced the rules of law governing that court as follows:

"A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract."

We do not think the record warrants any contention that the instrument quoted constitutes a mere offer or proposal of guaranty, but having been executed, as we think the record clearly shows, at the request of the creditor, such guaranty is deemed the answer of the guarantor to a proposal made to him and constitutes a contract of actual warranty. We have not thought it necessary to notice that provision of the agreement which provides that "notice of acceptance or of any default is waived", or the recitation of "value received" contained in such agreement.

We think the evidence fully sustains the judgment rendered, and the same is therefore affirmed.

RAINEY, C. J., and HARRISON, KANE, JOHNSON, and HIGGINS, JJ., concur.