### WALKER et al. v. W. T. RAWLEIGH CO.

No. 18733.    Opinion Filed Oct. 16, 1928.

Saunders & Emerick and J. Knox Byrum, for plaintiffs in error.

Arrington & Evans, for defendant in error.

HERR, C. This is an action by W. T.

Rawleigh Company against R. W. Walker, R. F. McFarling and C. F. Kerker, to recover on a written contract of guaranty. Plaintiff is an Illinois corporation, and is engaged in the manufacture and sale of drugs, toilet articles, and other drug store supplies. Sometime in the year 1920, plaintiff sold defendant Walker, on open account and under written contract, certain articles of merchandise, upon which account there was due and owing plaintiff, at the time of filing its suit, a balance of $946.77. Defendants McFarling and Kerker, by their written guaranty, guaranteed the payment of all moneys due and owing plaintiff by defendant Walker at the time of the execution of the contract of guaranty, as well as all other sums which might become due and owing plaintiff during the entire life of the contract. There is no dispute as to the amount due.

The defenses are: First, that the contract is without consideration in that it seeks to bind defendant guarantors for past as well as future debts; second, that plaintiff, being a foreign corporation and not having obtained a license or permit to do business in this state, cannot maintain this action; third, that the contract contains certain provisions which are contrary to public policy, and that the contract is, therefore, void; fourth, that the contract was obtained through fraud.

The trial resulted in a verdict and judgment in favor of the plaintiff, the trial court having directed a verdict in its favor. Defendants appeal.

This is the second appeal. At the former trial defendants prevailed, the judgment being, however, reversed by this court on appeal. W .T. Rawleigh Co. v. Walker, 117 Okla. 256, 246 Pac. 417.

The first two defenses are eliminated by the opinion of this court on the prior appeal, and are not here relied upon. This leaves for our consideration only the defenses as to the fraud and invalidity of the contract.

It is alleged in the answer of defendants McFarling and Kerker that their signatures to the contract were obtained through false and fraudulent representations made to them by one Cagle, who purported to be the agent of the plaintiff; that it was represented by him at the time of the execution of the contract that defendant Walker was not indebted to plaintiff in any sum whatsoever, whereas, in truth and fact, he was at said time indebted to plaintiff in a sum in excess of $800, and that it was also represented that H. S. Dunn and H. T. Riddle would also sign the contract, and that the same would not be delivered until so signed; that the instrument was never signed by said parties, but was delivered to plaintiff by defendant Walker without such signature having been obtained.

There was no evidence whatever to support defendants' allegation of fraud. There was evidence offered tending to prove that representations were made by Cagle as alleged, but upon objection by plaintiff this evidence was excluded by the court, on the ground that there was offered no evidence tending to prove that Cagle was the authorized agent of the plaintiff. The defendants then sought to prove such agency by offering in evidence certain acts and declarations of Cagle, the alleged agent. This proffered evidence was by the court also excluded and correctly so.

The rule that agency cannot be proved by the acts or declarations of the alleged agent is so well established that it requires no citations of authority in support thereof.

It is finally contended by defendants that the contract is void in toto as being against public policy because of the following paragraph and provision therein inserted:

"* * * And agree that written acknowledgment, by said buyer of the amount due or owing on his account, or that any judgment rendered against him for moneys due the seller, shall in every and all respects bind and be conclusive, jointly or severally, against the undersigned. And we further agree that in any suit brought on this contract of guaranty by the seller, no other or further proof shall be required of it than to establish the amount or sum of money due and owing to it from the said buyer, and when so proven, shall be conclusive and binding upon the undersigned, and, further, that it shall not be necessary for said seller in order to enforce this contract of guaranty to first institute suit against said buyer nor exhaust its legal remedies against him."

Upon this contention it is sufficient to say that plaintiff did not rely on said paragraph or provision of the contract to make out its case, but fully substantiated the allegations of its petition by abundant proof independent of this provision of the contract.

It is not necessary to a decision of this case to pass upon the validity of this provision of the contract. See, however, the case of W. T. Rawleigh Co. v. Deavors, 95 South. 459, where the Supreme Court of Alabama held a similar provision, inserted in a contract, valid. The case of Fidelity

Co. v. Eickhoff, 63 Minn. 170, holds to the contrary. Even though it be conceded that this provision or paragraph of the contract is unenforceable as being against public policy, it would not render void the entire contract. In the case of W. T. Rawleigh Co. v. Holt et al., 232 Pac. 866, the Supreme Court of Kansas says:

"If a contract contains provisions, some of which are valid and some of which are invalid, and the lawful matter can be readily separated from that which is unlawful, the lawful portion of the contract will be upheld."

To the same effect, see the following authorities: Municipal Securities Corp. v. Buhl Highway District (Idaho) 208 Pac. 233; Hedges v. Frink (Cal.) 163 Pac. 884.

There having been no defense offered to plaintiff's cause of action, the trial court properly directed a verdict in favor of the plaintiff.

Judgment should be affirmed.

BENNETT, HALL, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.