SHIDLER v. ROSS et al.

No. 29901.   May 20, 1941.

*113 P. 2d 603.*

Preston S. Davis, of Tulsa, for plaintiff in error.

R. J. Shive, of Perry, for defendants in error.

RILEY, J.   This is an appeal from a judgment in favor of defendants in error and against plaintiff in error on a promissory note.

The note sued upon is dated Tulsa, Okla., August 16, 1937. By its terms it became due August 16, 1938. It was made payable to the order of Lucy Ross, F. C. Shidler, Effie Thompson, and Nina McKaig.

The original petition was in the name of the four persons named as payees of the note.

Plaintiff in error, hereinafter referred to as defendant, filed a motion to require plaintiffs to make their petition more definite and certain in that they be required to set out their respective interests in the note. This motion was sustained, whereupon an amended petition was filed wherein plaintiffs alleged that at the time the action was commenced each of the plaintiffs owned an undivided one-fourth interest in the note, but that after the action was commenced, F. C. Shidler, for a consideration stated, had assigned his one-fourth interest in the note to plaintiffs Lucy Ross and Effie Thompson, and that, at the time the amended petition was filed, plaintiff Nina McKaig owned an undivided one-fourth interest in the note

and plaintiffs Lucy Ross and Effie Thompson each owned an undivided three-eighths interest therein, and that plaintiff F. C. Shidler then owed no interest.

Thereafter, defendant filed a motion to require plaintiff to file a second amended petition leaving out F. C. Shidler as a party plaintiff.

Without waiting for an order to that effect, a second amended petition was filed in the name of Lucy Ross, Effie Thompson, and Nina McKaig, as plaintiffs, setting out their respective interests in the note as stated in the first amended petition. A copy of the note sued upon and a copy of the written assignment by F. C. Shidler were attached.

Thereafter, defendant filed his answer denying all the material allegations of the petition as amended, ". . . except such as are hereinafter specifically admitted," and then alleged:

"Defendant admits that he signed a note somewhat similar in form and context to the one sued upon herein, but denies, however, that said copy of said note attached hereto is a true and correct copy of said note that he signed for the reason that he does not have the information available as to the correctness of date, amount, and all facts material thereto."

The answer was verified by defendant as follows:

"That he is the defendant herein and that he has read the within and foregoing answer and cross-petition and that the facts and allegations contained therein are true and correct."

Reply being filed, the cause was tried to a jury. At the close of plaintiffs' evidence, defendant demurred thereto and moved for a directed verdict; these motions were overruled, and defendant elected not to introduce any evidence. Thereupon plaintiffs moved for a directed verdict in their favor. Their motion was sustained, and the jury returned a verdict for plaintiffs as directed by the court.

The first contention is that the court should have sustained the demurrer to the evidence and dismissed the action under section 15, art. 4, chap. 66, S. L. 1939 (a part of the Intangible Personal Tax Law).

Defendant's position is that plaintiffs failed to allege and prove that the note sued upon had been assessed for taxation under the provisions of said act.

The contention cannot be sustained. The note in question never acquired a taxable situs, in this state, under said act. The uncontradicted evidence is that the note was executed in Oklahoma and mailed to one of the plaintiffs who lived in Kansas; that all four of the payees lived in Kansas, and that the note was kept in Kansas at all times until it was sent to the attorney for plaintiff for this action.

Section 4 of the act provides that intangible personal property shall not be subject to the tax levy of said act if such property has acquired a business and taxable situs in some other state.

Furthermore, said act has application only to the year 1940 and subsequent years.

This action was commenced, issues were joined, and trial had before December 6, 1939.

If the note had been kept and held in Oklahoma by residents of Oklahoma, it would not have been subject to tax under said act until 1940.

It is next contended that because two of the plaintiffs acquired the one-fourth interest in the note from their coplaintiff, F. C. Shidler, said plaintiffs were not entitled to recover. This contention is without merit.

Section 156, O. S. 1931, 12 Okla. Stat. Ann. § 235, provides that in case of a transfer of interest during pendency of an action, the action does not abate. If the transfer of interest be by other means than death, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be

substituted in the action. See Citizens-First Nat. Bank et al. v. Whiting et al., 112 Okla. 221, 240 P. 641; Purcell Mill & Elevator Co. v. Canadian Valley Const. Co., 58 Okla. 629, 160 P. 485; Anderson v. Ferguson and Zaring, 12 Okla. 307, 71 P. 225.

American Investment Co. v. Baker, 122 Okla. 10, 250 P. 76, is cited by defendant in support of his contention. In that case there was no amendment of the pleadings so as to include the alleged additional interest in the subject matter acquired while the action was pending. Recovery was denied as to the after-acquired interest because there was no pleading as to such acquisition.

It is next asserted that should it be held that the Intangible Personal Property Tax Law, supra, was not applicable, then the court should have required showing of payment of taxes under sections 12363 and 12368, O. S. 1931, 68 Okla. Stat. Ann. §§ 511 and 516. As stated above, the note here in question never acquired a taxable situs in this state under the Intangible Tax Law or the general tax laws of this state.

Next it is contended that plaintiff failed to prove consideration for the note, and for this reason the demurrer to the evidence should have been sustained.

The rule in this state is that the burden of showing want of consideration sufficient to support an instrument is with the party seeking to invalidate it. Liverpool & London & Globe Ins. Co., Ltd., v. Biggers et al., 71 Okla. 47, 175 P. 242; Miller v. Oil Well Supply Co., 79 Okla. 135, 191 P. 1094; 15 Okla. Stat. Ann. §§ 114 and 115.

It is next contended that defendant having denied under oath the execution of the note sued upon, the court erred in admitting the note in evidence without extrinsic evidence of its execution.

This contention is without merit. Defendant's answer was verified, as shown above, but the admissions in the answer were substantially admissions of execution. He admits he signed a note "similar in form and context to the one sued upon." He denies that said note attached is a true and correct copy of the note he signed for the reason he does not have available the information as to correctness of date, amount, and all facts material thereto. The answer as a whole amounted to an admission of the execution of the note and a mild allegation of alteration or mistake in making the copy attached to the petition. But, considering his denial sufficient, he did not object to the introduction of the note upon the ground that there was not sufficient evidence to prove its execution by him. His objection was upon the sole ground that the proof required by section 12368, supra, relating to payment of taxes, had not been made. Aside from that, there was ample evidence tending to prove the execution of the note. In fact, the evidence shows that the note in question was at least the second renewal note evidencing an indebtedness as far back as October 30, 1935. The first note given was of that date, and ran for one year. January 4, 1937, that note was renewed. Several letters written by defendant acknowledged the indebtedness.

There was no error in admitting the note in evidence.

Finally, it is contended that the judgment is erroneous under the rule that plaintiffs' demands were joint and several and they could not properly join them in one action.

Plaintiffs' cause of action is joint and not joint and several.

There being no prejudicial error, the judgment is affirmed.

CORN, V. C. J., and OSBORN, DAVISON, and ARNOLD, JJ., concur.