STATE BANK OF GROVE, a Corporation, Plaintiff in Error,

v.

Robert L. NORTH, Defendant in Error.

No. 41493.

Supreme Court of Oklahoma.

Oct. 11, 1966.

Riley Q. Hunt, Jay, for plaintiff in error.

Pitcher, Logan & Lowry, by J. Duke Logan, Vinita, for defendant in error.

WILLIAMS, Justice.

There is involved here a suit on a promissory note. Parties will be referred to as they appeared in the trial court. The trial court sustained the demurrer of the defendant to the evidence of the plaintiff. Plaintiff appeals. The sole question presented on appeal is the correctness of the ruling of the trial court in sustaining the demurrer to the evidence.

Plaintiff, State Bank of Grove, alleges in its petition that on the 19th day of May, 1958, it loaned the defendant North the sum of $7500, secured by his promissory note. A copy of said note is attached to plaintiff's petition. Plaintiff seeks judgment for the balance due on the note plus interest and attorneys fees.

Defendant in his answer denied the allegations of plaintiff's petition except such allegations as were admitted. Defendant admitted that he at special request of the managing officer of the plaintiff bank executed a note similar to one attached to the petition of the plaintiff but alleged that he did not receive any of the proceeds of said purported loan nor did the bank loan him any money. He stated that he made no payments on said purported loan and that said purported loan failed because of lack of consideration. Defendant further alleged that he was induced to sign said note because of fraudulent and deceitful representations made to him by the managing officer of the bank. He further pleaded the defense of laches.

M. C. Buzzard, assistant vice-president of the plaintiff bank, identified the note sued upon and testified that it is a note signed by Robert L. North on May 19, 1958, in the amount of $7500.00 and that the balance due on the note is $7250.00 plus interest since April 19, 1962; that the note is a part of the assets of plaintiff bank and has not been paid. The note was admitted in evidence without

objections with reservations as to its "authenticity".

Buzzard identified plaintiff's exhibit 2, same being a page from the teller's cash journal of the plaintiff bank, dated May 19, 1958. The exhibit was admitted in evidence without objections. Buzzard testified that the name of Robert L. North was shown on the exhibit as having made a note (No. 17873) to the bank on May 19, 1958, for the sum of $7500.00 and the bank having paid out said sum on that date.

On cross-examination Buzzard testified that he was not employed by plaintiff bank on May 19, 1958, had nothing to do with the transaction involved and could not identify defendant's signature on the note; that he cannot state how the proceeds of the loan were paid out; that the records do not establish if the proceeds were deposited to defendant's account, paid in cash or credited to another obligation.

On re-direct examination Buzzard testified that the bank definitely paid out the money but he does not know where it went.

Defendant North, called as a witness by the plaintiff, testified that he believes the signature, Robert L. North, on the note offered in evidence is his signature.

The note offered in evidence shows it to have been executed by Robert L. North to have plaintiff bank in the amount of $7500.00 on May 19, 1958. On the back of the note several extensions are shown, each signed by Robert L. North. Interest payments are shown on the face of the note, the last one being on March 28, 1962, for interest due to April 19, 1962. On January 5, 1962, a payment of $250.00 was made on the principal.

In sustaining the demurrer of the defendant to the evidence the trial court said:

"All right. In view of the fact that, in my opinion, the general rule is that between a maker and a holder * * * or not a holder in due course of a note that is delinquent, that you must prove some consideration. And if this bank was a holder in due course it might be a little different. I think the rule would be somewhat different, but the bank is not a holder in due course. I think you have got to prove consideration, which, I think, you failed to do. I don't think that this man * * * the mere fact that he signed the note is not consideration, so I will sustain the demurrer to the evidence."

■ The Uniform Commercial Code became effective at midnight on December 31, 1962, "to transactions entered into and events occurring after that date", Title 12A § 10–101 O.S.1961, and is not applicable to the present transaction which occurred in 1958.

■ The Negotiable Instruments statutes, 48 O.S.1951, §§ 71 and 75, before repealed by 12A O.S.1961 § 10–102, provided respectively as follows:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

"Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

The general law of Contracts, 15 O.S. 1951 (and 1961) §§ 114 and 115 is of similar effect.

Title 15 § 114, O.S.1951, same section, O.S.1961, reads:

"A written instrument is presumptive evidence of a consideration."

Title 15 § 115, O.S.1951, same section, O.S.1961, reads:

"The burden of showing a want of consideration sufficient to support an

instrument lies with the party seeking to invalidate or avoid it."

In Strickland v. Hetherington, Okl., 353 P. 2d 138, a suit by the payee against the maker of a note, this Court said:

"It must be conceded that the note involved here imported a consideration, and that its introduction in evidence made out a prima facie case. The defendant had the legal right, the note being in the hands of the payee, to prove want of consideration for the same."

In the second paragraph of the syllabus of that case we said:

"Where the consideration of a note is disputed and there is conflicting testimony, the jury must decide the point, and it is error to direct a verdict for plaintiff where admitting the truth of all the evidence given in favor of the defendant, together with such inferences and conclusions as may be reasonably drawn therefrom, there is competent evidence to reasonably sustain a verdict, should the jury find for the defendant."

In 11 C.J.S. Bills and Notes § 684 p. 176, the rule is stated:

"In accordance with the rules relating to presumption as shown supra § 655, in the first instance, plaintiff makes out a prima facie case in favor of the consideration of a negotiable bill or note by merely introducing it in evidence, and where a nonnegotiable note contains the words, 'for value received,' its admission in evidence is prima facie sufficient to sustain the burden of proof as to consideration. So, an endorsement of a note by the payee is prima facie evidence that it was duly assigned for a sufficient consideration. The plea of failure of consideration, although verified, does not overcome such prima facie case, and if defendant offers no evidence to show want or failure of consideration, the mere production of the note is sufficient to establish plaintiff's case * * *"

 Defendant in his answer admits that he signed a note similar to the one sued upon. His answer as a whole amounts to an admission of the execution of the note. He pleads special defenses of lack of consideration and fraud. The burden was upon him to establish these defenses by a preponderance of the evidence. Ball v. White, 50 Okl. 429, 150 P. 901. Defendant did not object to the introduction of the note in evidence on the grounds it was not properly executed. He agreed that the note might be admitted with the mild objection that he reserved the right to question its authenticity. At the trial he testified that he believed the signature on the note to be his. The facts in the present case are quite similar to those presented in Shidler v. Ross, 189 Okl. 65, 113 P.2d 603, wherein this Court said:

"The rule in this state is that the burden of showing want of consideration sufficient to support an instrument is with the party seeking to invalidate it. Liverpool & London & Glove Ins. Co., Ltd. v. Biggers et al., 71 Okl. 47, 175 P. 242; Miller v. Oil Well Supply Co., 79 Okl. 135, 191 P. 1094; 15 Okl.St.Ann. §§ 114 and 115."

Plaintiff established at least a prima facie case by competent evidence. The trial court erred in sustaining the demurrer of the defendant to the evidence.

Reversed with directions to the trial court to grant the plaintiff a new trial.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.