# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1876.

### A. P. ORR AND BROTHER v. DAVID RHINE.

1. CONSTITUTIONAL LAW.—"An act to confer additional jurisdiction on the presiding justices of the peace in Lamar and Fannin counties, and to prescribe the powers and duties of the officers of said courts," enacted May 26, 1873, (Paschal's Dig., p. 1300,) is constitutional.
2. PRESIDING JUSTICE.—Such officer is known in the Constitution of 1869, and simply means the justice residing at the county seat.
3. LOCAL STATUTES.—In the absence of constitutional inhibition against special legislation, it is no objection to a public statute that it is local in its effect.
4. CONSTRUCTION.—Constitutions and statutes operate prospectively, unless the words employed, or the object in view, and the nature and character of a provision, clearly show that it was intended to have a retrospective operation.
5. SAME.—The court cannot hold that the Legislature has exceeded its authority when it can only be shown by uncertain and doubtful inferences and deductions.

ERROR from Fannin. Tried below before the Hon. John C. Easton.

This was a suit brought by appellee in the court of the presiding justice of Fannin county, under the act of May 26, 1873, (Sess. Acts, 95,) entitled "An act to confer additional jurisdiction on the presiding justices of the peace of Lamar and Fannin counties, and to prescribe the powers and duties of the officers of said courts."

Judgment was rendered in said court against the appellants for the sum of $742.32, from which they appealed to the District Court; and they not appearing, judgment was rendered in the latter court by default, from which this appeal is prosecuted.

( 345 )

The errors assigned questioned the constitutionality of the act conferring additional jurisdiction on the presiding justices of said courts.

*Charles D. Grace,* for plaintiffs in error.—The material issue in this cause is, has the presiding Justice's Court of Fannin county authority to render a judgment in any cause of action instituted in said court when the amount in controversy exceeds one hundred dollars? We think not. The act of the 13th Legislature (Paschal's Dig., p. 1300) attempts to confer upon the justices of the peace residing at the county seats of Lamar and Fannin counties additional or increased jurisdiction.

We contend that the Legislature had no authority to enact such a law under the Constitution of our State. There is no such office or officer created by the Constitution as presiding justice or presiding Justice's Court. In article 5, section 20, of the Constitution, it is true, when the justices of the peace are sitting as a Commissioner's or Police Court for their respective counties, the justice of the peace "who resides at the county seat shall be the presiding justice;" but the courts mentioned in this article and section have no power to try actions for debt or damage, nor have they criminal jurisdiction. The presiding justice has no more power than any other member of the court, except when sitting as such to attest the official acts of said courts. We therefore insist that the presiding justice of Fannin county had no authority to render the judgment of which we complain.

Counsel for defendant in error may contend that the act created a new court. We submit, then, that section 17, article 12, of the Constitution, is violated by the caption of the act of the Legislature creating said court. "Every law enacted by the Legislature shall embrace but one object, and that shall be expressed in the title." This title does not show that the Legislature intended to create a new office or officer, or a new court, but simply to confer additional jurisdiction on

the presiding justices of the peace in civil or criminal cases coextensive with the limits of their respective counties, &c.

In article 5, section 1, of the Constitution of this State, it says: "The judicial power of this State shall be vested in one Supreme Court, in District Courts, and in such inferior courts and magistrates as may be created by this Constitution, or by the Legislature under its authority."

Section 19 of same article provides for the election "of five justices of the peace, one of whom shall reside, after his election, at the county seat; and not more than one of said justices shall be a resident of the same justice's precinct."

These two sections of our Constitution clearly impress our minds that the judicial power of the State shall be entirely uniform. Such is the case with the Supreme and District Courts; and as the justices of the peace courts are the creatures of the Constitution, and intended to be for all the counties of the State alike, they therefore should be uniform in point of jurisdiction and power.

Section 20 of same article says justices of the peace shall have such civil and criminal jurisdiction as shall be provided by law. We cannot see, then, how the Legislature can increase the jurisdiction and power of one or two justices of the peace only in the State.

The statutes enacted by the Legislature clearly define the duties and jurisdiction of justices of the peace, (Paschal's Dig., p. 1243,) but we fail to discover where the justice, who lives at the county seat, is clothed with extrajudicial powers. He is simply the chairman of the Police or Commissioner's Court of his said county.

We do not question the authority of the Legislature to increase by statute the judicial powers of the justices of the peace, but such increased power and jurisdiction must be uniform throughout the State.

We contend that the Legislature can create no court not mentioned in the Constitution. The Constitution says in plain terms what courts shall and may be created. (See

art. 5, sec. 1.) The "Presiding Justices' Court" is not one authorized or contemplated by the Constitution.

The courts which may be created by the authority of the Constitution are Criminal Courts in the principal cities within the State, as we understand the language of the Constitution.

It may be contended that the Legislature of the State has all or complete power, when not expressly limited by the Constitution. We think the Legislature controlled by the Constitution when, by necessary implication, its powers are limited. And the Supreme Court is not transcending its powers when it declares a law of the Legislature unconstitutional, where, by such implication, the court thinks the Constitution is not properly regarded by the Legislature. Cooley's Constitutional Limitations, sec. 5, ch. 7, pp. 171–173, sustains our view.

When the Legislature of the State undertakes to create a statute in contravention of the Constitution, it is the duty of the Supreme Court to declare such acts null and void. And when the Constitution sets forth what shall or shall not be done, in express language or necessary implication, and the Legislature, by its acts, does not regard the Constitution, your court is compelled, when the matter is brought before your body directly, to declare such acts unconstitutional.

As to powers of the Legislature, we refer your honorable court to Titus *v.* Latimer, 5 Tex., 433; O'Brien *v.* Dunn, 5 Tex., 570.

*Walton, Green & Hill,* for defendant in error, cited Robinson *v.* The State, 15 Tex., 312; Tadlock *v.* Eccles, 20 Tex., 792; San Antonio *v.* Lane, 32 Tex., 412; Cool. Const. Lim., 87, 147, 169; The People *v.* Fisher, 24 Wend., 220; State *v.* Boone County, 50 Mo., 317; State *v* Ebert, 40 Mo., 186; State *v.* Wilcox, 45 Mo., 458; 7 Ind., 328; 51 Mo., 82, 288; The Town of Louisiana *v.* Hardin, 11 Mo., 552; 49 N. Y., 132; 29 Ind., 409; 46 Ind., 353; 33 Ind., 418.

MOORE, ASSOCIATE JUSTICE.—The only question presented for our determination by this record is, whether the act of May 26, 1873, (Sess. Acts, 95,) entitled "An act to confer additional jurisdiction on the presiding justices of the peace in Lamar and Fannin counties, and to prescribe the powers and duties of the officers of said courts," is constitutional.

The plaintiffs in error maintain that the design of this bill was to create a special and local court in said counties of Lamar and Fannin, which, as they insist, the Legislature has not constitutional authority to do; because, first, the entire judicial power of the State is vested by the Constitution in courts created by it, and these it especially authorized the Legislature to create; second, that the law is special and local in its character, and creates tribunals for two counties of the State different from those existing or authorized elsewhere.

The consideration of the last of these objections will be postponed for the present, as it will recur again in another aspect of the case, in which the validity of the law is brought in question.

In support of their respective propositions on the first of these objections, we are cited by the counsel for both parties to article 1, section 5, of the Constitution, which says: "The judicial power of this State shall be vested in one Supreme Court, in District Courts, and in such inferior courts and magistrates as may be created by this Constitution, or by the Legislature under its authority." Plaintiffs insist that the evident import of this section, and only legitimate construction which can be given it, is, that as the entire judicial power is vested in the courts and magistrates created by the Constitution, or especially authorized by it to be created by the Legislature, as, for example, the criminal courts, hence the Legislature cannot, by virtue of its general legislative power, as it might otherwise do, create new or additional tribunals to those enumerated in the Constitution, for this could not be done without taking some part of the judicial power of the State given to the courts created by the Constitution,

and those which it especially authorizes the Legislature to create. On the other hand, the defendant maintains that, by the very language of this section, the power of the Legislature to create other jurisdictions than those mentioned in the Constitution is directly recognized. The decision of the question, here in issue, depends upon the import to be given to the last clause of the sentence, by which a part of the judicial power of the State is vested, when created, in such courts as the Legislature is authorized to create.

The plaintiffs insist, as the Legislature is expressly authorized to create criminal courts on the authority of the axiom, *expressio unius est exclusio alterius*, we must infer that its general legislative power which, if not restrained by the Constitution, would authorize it to establish such tribunals as the public interest might require, is limited to the creation of the tribunals expressly authorized. It is also urged that the fair construction of the language leads to this conclusion. For it is said, if it was intended to include tribunals not in terms provided for in the Constitution, it would have merely said, "and in such inferior courts and magistrates as may be created by this Constitution or by the Legislature," without the addition of the words, "under its authority."

On behalf of the defendant, it is contended, that the language used in this section of the Constitution does not import a limitation either expressed or implied, upon the authority of the Legislature to create such inferior courts and magistrates as the public interest may demand; and whether a court is created by the Legislature by virtue of the general power which it has under the Constitution, or by virtue of some special authority delegated to it for this purpose, the court is created by the Legislature under the authority of the Constitution. And if it was the purpose, it is insisted, to restrict the exercise of the general legislative power to establish other courts and tribunals which might be found convenient or necessary for the public interest, as claimed by plaintiff, the phraseology of the Constitution should have

been, " such inferior courts and magistrates as may be created by this Constitution, or by the Legislature by virtue of this section of the Constitution," "such inferior courts and magistrates as may be created by the Constitution, and such criminal courts as may be established by the Legislature in the principal cities," &c.

At the last Galveston Term we held that the Legislature had authority to create corporation courts, for the purpose of enforcing the ordinances and by-laws of municipal corporations, such as towns and cities, but withheld any definite opinion on the question of its authority to create inferior courts for the administration of the general laws of the State. Nor do we think it absolutely necessary to decide the question of its authority to do so in this case. From the zeal with which it has been discussed, and seeming confidence with which it is relied upon by both parties, we have deemed it not improper to give a brief outline of their respective positions.

If it is admitted the Legislature was fully authorized to create such an inferior tribunal as it is contended was attempted to be done by the act in question, we think it must be held that they have neither exercised nor attempted to exercise any such power by the enactment of this law. It is not the necessary or true interpretion of this statute to hold that it creates a new court, to be held by the presiding justice of the peace. If it did, it would be subject to the objection of controvening the 17th section of the 12th article of the Constitution. Its title unquestionably does not indicate such an object. The evident purpose of the act, as shown by the title, is to increase the jurisdiction of the presiding justice of the peace in the counties to which the act refers, and to prescribe the powers and duties of the officers of said courts. The object indicated in the body of the act can certainly, with as much propriety, be held to have been enacted with this view, as with that of creating another tribunal to exercise the jurisdiction given therein to the presiding justices.

But placing this construction upon the act, it is then said it is inoperative and void, because there is no such officer known to the law as the "presiding justice of the peace;" or, if there is an officer who is known by this designation and title, he has no jurisdiction as presiding justice to which this act can add or enlarge. We think this objection more hypercritical than sound. The Constitution requires one of the five justices of the peace to be elected in each county to reside after election at the county seat; and in defining the jurisdiction to be conferred upon justices of the peace and the duties to be performed by them, it refers to and designates the justice who resides at the county seat as the presiding justice. (Const., art. 5, secs. 19, 20.) And the justice residing at the county seat has been frequently so designated and referred to in the statutes wherein other additional powers have been conferred upon him alone or in conjunction with the other justices. (See acts 1870, 108; 1871, 24–57.) The title of this act indicates the justices of the peace upon whom the additional jurisdiction is sought to be conferred, as plainly as if it read, "An act to confer additional jurisdiction on the justices of the peace residing at the county seats of Lamar and Fannin counties," &c.

It is further objected, that the law is unconstitutional, because it is not general in its character, operating alike throughout the State, but is a mere local rule applicable in a particular locality, and to only two justices in these counties. The objection, it will be seen, presents two propositions: First. That a statute of a public character cannot be enacted for a particular locality, but must have a general operation throughout the State. Second. While the Legislature may add to the jurisdiction which has been previously given to justices of the peace, no discrimination can be made between them in doing so.

We will briefly consider whether the objection can be maintained. It is to be remembered that when this statute was passed, May 26, 1873, there was no constitutional restric-

tion upon the power of the Legislature to enact local laws. There was, at least, no explicit and direct restriction of this kind until the ratification of the amendments to the Constitution, January 26, 1874. It is, we think, a rule of construction, to be generally adhered to in the construction of constitutions as well as statutes, that they operate prospectively, unless the words employed, or when the object in view and the nature and character of the provision, clearly show that it was intended to have a retrospective operation. (Allbyer *v.* The State, 10 Ohio, N. S., 588; State *v.* Barbee, 3 Ind., 258; State *v.* Thompson, 2 Kan., 432; State *v.* County Court, 41 Mo., 453.)

And it seems to us quite too well settled to admit of discussion, that when there is no express constitutional restriction against the passage of local laws by the Legislature, the courts cannot hold such laws void for want of constitutional authority to enact them. The question is discussed by Judge Cooley in his work on Constitutional Limitations, and the following views are expressed by that distinguished jurist and pre-eminent commentator on, and expounder of, constitutional law. He says: "Laws, public in their objects, may, unless express constitutional provision forbids, be either general or local in their application; they may embrace many subjects or one, and they may extend to all citizens or be confined to particular classes, as minors or married women, bankers or traders, and the like. The authority that legislates for the State at large must determine whether particular rules extend to the whole State and all its citizens, or, on the other hand, to a subdivision of the State or a single class of its citizens only. The circumstances of a particular locality, or the prevailing public sentiment in that section of the State, may require or make acceptable different police regulations from those demaded in another, or call for different taxation and a different application of the public moneys. The Legislature may therefore prescribe or authorize different laws of police, allow the right of eminent domain to be exercised in

different cases and through different agencies, and prescribe peculiar restrictions upon taxation in each district municipality, provided the State Constitution does not forbid." (P. 390.)

But it may be said, while this is undoubtedly correct as to many matters of legislation, it does not apply to the jurisdiction of the courts and tribunals created either by the Constitution or the Legislature under its authority. Of course, when jurisdiction is conferred or limited by the Constitution, it cannot be diminished or enlarged by the Legislature; but when it is within legislative discretion to create other tribunals than those named in the Constitution, or to enlarge the jurisdiction of such as are named, we see no reason why the Legislature may not with equal propriety in such cases, as in other classes of legislation, exercise their discretion so as to satisfy the wants and meet the demands of the different localities and sections of the State. This has been frequently done where the constitutional provisions were much more stringent than with us at the time this law was passed. (State *v.* Boone County, 50 Mo., 317; State *v.* Ebert, 40 Mo., 186.)

Is there, then, anything in the Constitution which requires us to hold that justices of the peace are to be regarded and treated as a class of magistrates, in whom a part of the judicial power of the State is vested; and whatever part of the judicial power is committed to them must vest in them as a class, to be exercised by all and each of them alike? Certainly the Constitution does not so declare in clear and express terms. We can only hold a law unconstitutional which plainly violates some constitutional provision. We cannot say that the Legislature has exceeded its authority when it can only be shown by uncertain and doubtful inferences and deductions. This law in no way affects the jurisdiction of any other justice than those to which it refers. It merely enlarges the jurisdiction of the two justices who reside at the county seat of their respective counties, where

the additional jurisdiction conferred could be exercised with more propriety than in the precincts in which the other justices of these counties reside.   The object of the law was to relieve the people in that locality from what was thought by the Legislature to be a great and pressing public evil to which no better remedy could be applied.   It is not the first and only instance in which the Legislature has conferred additional jurisdiction upon the presiding justices beyond that given to the other justices.   (Acts 1871, p. 24.)

Being unable to point to any specific article or provision of the Constitution with which the act is in conflict, we cannot say that it is unconstitutional.

The judgment is affirmed.

AFFIRMED.

NOTE.—This case was taken from Austin Term, 1875, to Tyler, and there decided December 24.   It did not reach the reporters for insertion in regular order.